**CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, a corporation, Plaintiff,**

v.

**FURNITURE FORWARDERS OF ST. LOUIS, INC., a corporation**

and

**Alsco, Inc., a corporation, Defendants.**

No. 67 C 414(1).

United States District Court
E. D. Missouri, E. D.

Nov. 27, 1968.

Coburn, Croft & Kohn, St. Louis, Mo., for plaintiff.

Hocker, Goodwin & MacGreevy, St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

HARPER, Chief Judge.

Plaintiff Railroad has commenced this action to collect additional unpaid freight charges on some 67 shipments of furniture for the defendants. (There were 68 shipments involved originally, but plaintiff alleges charges due on only 67.) The suit arises under the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., and jurisdiction is founded upon 28 U.S.C.A. § 1337. Final hearing was had before this court on April 25, 1968, with both parties presenting evidence. It is now ripe for final adjudication.

Plaintiff's evidence established that the defendant, Furniture Forwarders, under the direction of, or for the benefit of, the defendant, Alsco, Inc., caused some 68 shipments of furniture to be made on plaintiff's facilities. These shipments began in August of 1966 and continued through March of 1967 (Plaintiff's Exhibit 1). The shipments originated in St. Louis with destinations in Washington and California. The defendant, Furniture Forwarders, Inc., was billed for these shipments at the rate of $3.69 cwt. Such billing was in accordance with Tariff 1–0 Transcontinental Freight Bureau (TCFB) Supplement 89, Item 4805–I, Part 2, Exception

1. The essence of Exception 1 is that furniture shipped from certain locations is to be denied the general applicable rate of $2.45 cwt and is to be charged instead the $3.69 cwt rate (See Plaintiff's Exhibit 2).

These billings and charges were properly made by plaintiff in accordance with the then published and applicable tariff. (The court notes that the applicable tariff is now: Tariff I–P, TCFB, I.C.C. No. 1751, Item 6960 Part 2, Exception 1.) The evidence further reveals that the defendant, Furniture Forwarders, paid these freight charges at the $2.45 cwt rate, contending that the Exception 1 rate was unlawful. This suit is for the difference between those two rates and is, therefore, in accordance with the statutory mandate of 49 U.S.C.A. § 6(7). This difference amounts to $65,244.88 which plaintiff has established is due and owing to it.

Defendants resist payment on two bases: First, that suit on these shipments is barred by the doctrine of res judicata in that the plaintiff has split its cause of action; and second, that the tariff rate (Exception 1) is "unjust, unreasonable, discriminatory, and unduly preferential." Pursuing this second defense, on February 12, 1968, defendants filed a complaint with the Interstate Commerce Commission, No. 207201, and sought to have the court stay this suit pending outcome of that complaint.

Since the matter has been resolved by the Interstate Commerce Commission, in No. 34949, decided November 12, 1968, served November 18, 1968, this court is spared a decision under this claimed right to a stay. In that opinion the Commission through Oren G. Barber, Hearing Examiner, found: "* * * the examiner finds that the assailed (Exception 1) rate on furniture is not shown to have been or to be unjust, unreasonable, or otherwise unlawful." This court accepts that determination and finds that the second urged defense has been disposed of contrary to defendants.

Defendants' first defense was that this action is barred by res judicata. In Suit No. 66C 325, filed in this court in September of 1966, plaintiff sought recovery for other freight charges then unpaid. Plaintiff, on April 28, 1967, filed its third amended complaint joining the defendant, Alsco, Inc., as a defendant in that suit. Defendants here urge that since the shipments with which this suit is concerned were made before the date of that third amended complaint, plaintiff was then obliged to include them in that prior suit.

The general rule is that a plaintiff must include all amounts due and owing on the date it files suit. However, this rule relates to amounts due and owing on a single obligation such as a lease or installment contract. The present shipments were commenced in August of 1966 prior to the institution of the first suit, but the defendants have not presented any evidence that they owed the plaintiff any amount on any shipment made before the institution of the September 1966 lawsuit. The third amended complaint related back to the date of the original complaint and that is the controlling date.

Furthermore, it is clearly the law that each shipment order and waybill constitutes a separate and distinct contract to ship. See e. g., United States v. Louisville & Nashville Railroad Co., 221 F.2d 698 (6th Cir.1955). Prima facie, plaintiff has a separate and distinct cause of action on each order and waybill. Defendants have presented no evidence which leads this court to believe that the shipments in question were made pursuant to an open or running account, although defendants have fully briefed the matter. Defendants have no defense of res judicata, and plaintiff is entitled to sue on these shipments without splitting its cause of action.

Absent these two defenses, one of which has been disposed of and the other of which this court finds to be

without merit, the defendants do not contest the fact of shipment, or the lack of payment of the full amount charged under the tariff. Plaintiff has proven all the elements of its case and is, therefore, entitled to recover the amount claimed, $65,224.88. The court further finds that the plaintiff is entitled to interest in the amount of six percent simple from March 9, 1967, together with its costs herein expended.

The court adopts this memorandum opinion as its findings of fact and conclusions of law, and the clerk is directed to enter judgment in favor of the plaintiff and against the defendants in the amount of $65,224.88 with interest from March 9, 1967, at the rate of six percent, and costs.